[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13106

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES R. YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:94-cr-01036-AW-GRJ-1

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

James R. Young, a former federal prisoner serving a term of supervised release, appeals *pro se* the order of the district court denying his motion for recusal and rehearing. 28 U.S.C. § 455(a)-(b). The United States moves for a summary affirmance and to stay the briefing schedule. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

Summary affirmance is appropriate because there is no substantial question that the district court did not abuse its discretion in denying Young's motion for recusal and rehearing. *Id.* Young argued that the district court judge had a "personal interest in protecting himself from criminal prosecution for aiding and abetting" his predecessor, who presided over Young's 1994 trial and who allegedly conspired with the government to allow false testimony against Young. But in his opening brief, Young clarifies that his "intent was not to seek recusal" but to have a court address the merits of his wrongful-conviction argument. Young's challenge to the validity of his conviction must be brought in a motion to vacate, 28 U.S.C. § 2255. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast,*

22-13106                Opinion of the Court                3

*Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). Young's initial motion to vacate was dismissed in 2001, so he must obtain our permission to file a successive motion to vacate. *See* 28 U.S.C. § 2255(h). Because Young failed to obtain our permission, his wrongful-conviction argument was not properly before the district court, so the district court did not err by not addressing its merits. Insofar as Young maintains that the district court judge should recuse because he denied one of Young's previous filings, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And Young did not point to any portion of the record that suggests extrajudicial bias or impartiality. *See United States v. Patti*, 337 F.3d 1317, 1321-22 (11th Cir. 2003).

We **GRANT** the motion for summary affirmance, **AFFIRM** the denial of Young's motion for recusal and rehearing, and **DENY AS MOOT** the motion to stay the briefing schedule.